Mr. Jim Todora Sarasota County Property Appraiser 2001 Adams Lane Sarasota, Florida 34237
Dear Mr. Todora:
You have asked for my opinion on substantially the following question:
May a property owner who is currently receiving a homestead exemption on his or her residence also receive an exemption on subsequently acquired adjoining parcels with buildings thereon in order to limit property assessment increases as provided in section 193.155, Florida Statutes?
According to your letter, a particular taxpayer owns four parcels of land. One of the parcels contains the taxpayer's main residence. In 1997 you granted the taxpayer a homestead exemption for this property. Subsequently, the taxpayer acquired an adjoining parcel and constructed a pool and spa and then requested and received the homestead exemption on these improvements, along with the main residence and underlying land. The taxpayer has now acquired two additional parcels: one with a structure used as an office and gym, the other with a structure used as a guesthouse. The property owner would like all four contiguous parcels to be designated homestead in order to take advantage of the limitation on homestead assessment increases contained in section 193.155, Florida Statutes.
Article VII, section 6(a), Florida Constitution, authorizes a homestead exemption from taxation for "[e]very person who has the legal or equitable title to real estate and maintains thereon the permanent residence of the owner, or another legally or naturally dependent upon the owner . . . ." Unlike the homestead exemption from forced sale contained in Article X, section 4, Florida Constitution, the exemption from taxation for homesteads contained in Article VII, section 6(a), Florida Constitution, does not contain a limitation upon the amount of property that may be designated homestead under the provision and implementing statutes.[1] Rather, section 196.031, Florida Statutes, extends the homestead tax exemption, in addition to the home, to "contiguous real property." The term "contiguous" is generally defined as: touching, meeting or joining at the surface or border; close together; neighboring; bordering or adjoining.[2] Section 193.155, Florida Statutes, requires that homestead property be assessed at just value as of January 1, 1994. Any property receiving the homestead exemption after that date must be assessed at just value as of January 1 of the year in which the property receives the exemption. Following the year the property receives the homestead exemption, the property shall be reassessed annually on January 1. Any change resulting from the reassessment of homestead property is limited to the lower of either three percent of the assessed value for the prior year or a percentage change in the Consumer Price Index for the preceding year.[3] Only property that receives a homestead exemption is subject to this limitation on assessments.[4] However, like the constitutional and statutory provisions cited above, section 193.155, Florida Statutes, contains no acreage limitation on the amount of property that may receive the protection from increased assessment. The statute recognizes that"[c]hanges, additions, or improvements to homestead property shall be assessed at just value as of the first January 1 after the changes, additions, or improvements are substantially completed."[5]
The constitutional homestead tax exemption predates the 1968 Florida Constitution[6] and has been the subject of a number of Attorney General Opinions over the years. In 1952 this office was asked to consider whether the exemption from taxation would apply to residential property that also included a business establishment such as a rooming house, duplex, motor court or garage apartment.[7] The opinion noted that the general rule was that the mere fact that property used as a residence was also used by the owner as a place of business did not cause it to lose its homestead character. However, the rule appeared to take into consideration the question of whether the family use or the business use is the primary or principal use. If the primary use was the owner's residence, the exemption attached, but if the primary use was business, the exemption did not attach. My predecessor in office concluded that, for purposes of the exemption from taxation, "a homestead includes everything appurtenant to the dwelling which may be, and is, used for the more perfect enjoyment of the home, but property cannot be considered appurtenant unless it is used principally and in good faith for homestead purposes."[8]
A 1995 opinion addressed the homestead tax exemption rights of a person owning a dwelling lot and contiguous vacant lots that did not exceed one-half acre of land within an incorporated municipality. Again, this office noted that the homestead tax exemption extends to the home and contiguous real property.[9] While recognizing that a tract of land that is detached from or not contiguous to the land claimed as homestead is not a part of the constitutional homestead, the opinion notes that it is doubtful a road or street will be held to separate two parcels of land unless the governmental agency constructing the road or street holds fee simple title to the same.[10]
In Attorney General Opinion 71-118 the issue for resolution was whether a person who resided upon a one-acre parcel of land that was valued at less than the $5,000 exemption could claim the balance of his homestead exemption upon a contiguous 40-acre parcel of pasture land in which he owned an undivided one-half interest as a tenant in common. The opinion notes that title to homestead property may be held in common with another and that the taxpayer in this situation could apply the balance of his homestead exemption to the contiguous real property. Thus, the opinion concluded that when real property is owned by a taxpayer in a tenancy in common, is contiguous to real property owned by him and upon which his actual home exists, and is used principally for legitimate homestead purposes that are related to the use or enjoyment of the home, then such contiguous realty may be encompassed within the homestead property and therefore qualify for the $5,000 homestead exemption to the extent of the taxpayer's interest therein.
The most recent consideration of the extent of the homestead taxation exemption is Attorney General's Opinion 96-79, in which the issue was application of the exemption to two pieces of property separated by a platted public street. According to the property appraiser who requested this opinion, a developer had platted the subdivision with dedicated boulevards, drives, streets and waterways in 1957. The county accepted the platted subdivision the same year. In 1987 the taxpayer acquired two lots in the subdivision in which his house was located. The following year, the taxpayer acquired a third lot, which was separated from the other two lots by a platted street. The issue for resolution was whether the homestead exemption extended to the lot separated from the owner's residence by the street. This office was advised that the county did not own the fee to the roadway and that the public only had an easement in the platted roadway. The property owner held title to the middle of the street and since he owned lots on both sides of the easement with fee title to each lot extending to the middle of the roadway, the taxpayer's lots were contiguous and, under the plain language of the Constitution and statutes, would qualify for the homestead exemption.
In the situation you have described, the property owner owns four contiguous parcels of land upon which are located his residence and buildings and improvements relating to the enjoyment of the home. Nothing in Article VII, section 6(a), Florida Constitution, or sections 193.155
or 196.031, Florida Statutes, limits the amount of property that may constitute homestead property. However, as provided in Article VII, section 6(d), Florida Constitution, the total exemption on all homestead property owned by an individual taxpayer may only reach $25,000.
Accordingly, I am of the opinion that the Florida Constitution and statutes authorizing a homestead exemption for a "residence and contiguous real property" permit a property owner who is currently receiving a homestead exemption on his or her residence to receive an exemption on adjoining parcels with buildings thereon so long as the property is used principally and in good faith for homestead purposes. The amount of the total homestead tax exemption for all parcels and improvements combined may not exceed $25,000.
Sincerely,
Charlie Crist Attorney General
[1] Article X, s. 4, Fla. Const., protects a homestead of one hundred sixty acres of contiguous land and improvements outside a municipality and one-half acre of contiguous land within the limits of a municipality.
[2] Black's Law Dictionary Contiguous p. 320 (6th rev. ed. 1990); and Op. Att'y Gen. Fla. 96-79 (1996).
[3] Section 193.155(1)((a)-(b), Fla. Stat.
[4] Section 193.155(6), Fla. Stat.
[5] Section 193.155(4)(a), Fla. Stat.
[6] See, Article X, s. 7, Fla. Const. 1885.
[7] I would note that Article X, s. 1, Fla. Const. 1885, provided that the municipal homestead was limited to the owner's residence and outbuildings together with the business house of the owner.
[8] See, Op. Att'y Gen. Fla. 52-98 at p. 352.
[9] Under s. 7, Art. X, Fla. Const. 1885, the homestead tax exemption extended to the "home and contiguous real property, as defined in Article X, Section 1, of the constitution[.]"
[10] See, Op. Att'y Gen. Fla. 55-255 (1955).